UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO RAMIREZ-ALBARRACIN, et al.,<br><br>Petitioner,<br><br>v.<br><br>ERIC H HOLDER, JR.,<br><br>Respondent. | Case No. 14-cv-02133-JSC<br><br>**ORDER TO SHOW CAUSE REGARDING JURISDICTION** |

Presently before the Court is Petitioner Carlos Alberto Ramirez-Albarracin's Petition for Issuance of Writ of Habeas Corpus. (Dkt. No. 1.)

**BACKGROUND**

Petitioner is a native and citizen of Peru who has resided in the United States for 40 years. (Dkt. No. 1 ¶ 1.) In 1977, Petitioner was deported, but he then re-entered the United States a short time later and has resided here ever since. (*Id.* ¶ 2.) Petitioner married a United States citizen in 1987 and she filed a marriage-based visa on his behalf which was approved in 1990. (*Id.* ¶¶ 9-10.) A year later, Petitioner filed an I-212, Permission to Re-Apply for Admission after Deportation, but that was denied. (*Id.* ¶¶ 11-12.) In 1999, Petitioner filed an application for Lawful Permanent Residency that has never been adjudicated. (*Id.* ¶¶ 13-15.) It does not appear that there was any further activity regarding Petitioner's immigration status until he was apprehended by immigration authorities on or about March 16, 2014. (*Id.* ¶ 16.) Petitioner is not currently in immigration custody. (*Id.* ¶ 8.) Petitioner contends that the government is moving to reinstate the 1977 removal order under 8 U.S.C. § 1251(a)(5), although he has not been issued a Notice to Appear. (*Id.* ¶¶ 4, 7.)

**DISCUSSION**

Federal district courts may grant a writ of habeas corpus if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Prior to enactment of the REAL ID Act of 2005, petitions for writs of habeas corpus provided a legal avenue for individuals to seek relief from deportation. However, under the REAL ID Act, a petition for review to the appropriate court of appeals is the "sole and exclusive means for judicial review" of a final order of removal, deportation, or exclusion, and district courts do not have statutory or nonstatutory habeas jurisdiction over such orders. *See* 8 U.S.C. § 1252; *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 928–29 (9th Cir. 2005).

The petition for habeas corpus here concerns reinstatement of a 1977 Order of Deportation. The Ninth Circuit has held, however, that a reinstatement order "qualifies as an order of removal that can only be challenged in a petition for review filed directly with our court." *Morales–Izquierdo v. Dept. of Homeland Sec.*, 600 F.3d 1076, 1085 (9th Cir. 2010). Although the Petition includes a discussion of habeas jurisdiction under Real ID, Petitioner does not address *Morales-Izquierdo*. Accordingly, petitioner shall show cause as to why the habeas petition should not be dismissed for lack of jurisdiction.

Further, although Petitioner states that the government is moving to reinstate the 1977 removal order, it does not appear that the order has been reinstated as he has not attached such an order to this Petition. If so, this Court lacks jurisdiction as Petitioner is not "in custody" for purposes of 28 U.S.C. § 2241. *See Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1087 (9th Cir. 2013) (holding that individuals who are removable, but not yet subject to a removal order, are not "in custody" for purposes of § 2241). Petitioner shall also address this issue in his response to the Order to Show Cause.

**CONCLUSION**

On or before August 1, 2014, Petitioner shall file with the Court and serve on Respondent his response to this Order to Show Cause. Respondent shall file a reply to Petitioner's response or before August 15, 2014.

**IT IS SO ORDERED.**

Dated: July 11, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge