UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO RAMIREZ-ALBARRACIN,<br><br>              Petitioner,<br>     v.<br>ERIC H HOLDER, JR., et al.,<br><br>              Respondents. | Case No. 14-cv-02133-JSC<br><br>**ORDER DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 12 |

Presently before the Court is Petitioner Carlos Alberto Ramirez-Albarracin's Petition for Issuance of Writ of Habeas Corpus. (Dkt. No. 1.) Because the Court had questions regarding its jurisdiction to hear the petition in light of the jurisdiction stripping provisions of the REAL ID Act of 2005 ("REAL ID"), it issued an Order to Show Cause. (Dkt. No. 11.) Both Petitioner and Defendants Eric Holder, Attorney General of the United States, and Robin Barett, Acting District Director, San Francisco Office, United States Department of Homeland Security (referred to hereafter as "the government"), filed a response to the Court's Order to Show Cause. (Dkt. Nos. 12 & 14.) Having considered all of the papers and the entire record in this case, the Court concludes that the claims Petitioner seeks to raise are inextricably linked to his underlying order of removal and the Court therefore DISMISSES the habeas petition for lack of jurisdiction.

## BACKGROUND

Petitioner is a native and citizen of Peru who has resided in the United States for 40 years. (Dkt. No. 1 ¶ 1.) Petitioner was deported in 1978, but he then re-entered the United States a short time later. (Dkt. No. 1 ¶ 2; Dkt. No. 12-1 at 7.) Petitioner married a United States citizen in 1987 and she filed a marriage-based visa on his behalf which was approved in 1990. (Dkt. No. 1 ¶¶ 9-10.) A year later, Petitioner filed an I-212, Permission to Re-Apply for Admission after

1   Deportation ("I-212 waiver" or "I-212 application"), but that was denied. (*Id*. ¶¶ 11-12.)
2   Petitioner's appeal of the denial to the Administrative Appeals Office was dismissed because
3   "unfavorable factors outweigh the favorable ones." (Dkt. No. 14-1 at 5.) In 1996, Petitioner filed
4   an application for adjustment of status ("I-485") which was denied June 3, 1999. (Dkt. Nos. 14-2
5   & 14-3.) Two months later, Petitioner filed a second application for an I-212 waiver. (Dkt. No. 1-
6   1 at 7.) This 1999 I-212 waiver has never been adjudicated. (*Id*. ¶ 15.) According to the
7   government, the United States Citizenship and Immigration Service does not have jurisdiction to
8   adjudicate an I-212 that seeks retroactive approval unless the I-212 application is filed in
9   conjunction with an I-485 application for adjustment of status. *See* 8 C.F.R. § 212.2(i)(2).

10  It does not appear that Petitioner had any further interactions with immigration authorities
11  following his 1999 1-212 waiver application until March 12, 2014. On that date Immigration and
12  Customs Enforcement arrested him following an "approved Fugitive Operations Field Operations
13  Worksheet." (Dkt. No. 14-4 at 2.) That same day, Petitioner's 1978 removal order was reinstated.
14  (Dkt. No. 12-1 at 7.) Petitioner is not currently in immigration custody—less than two weeks after
15  his arrest, he was released on an order of supervision and his removal was temporarily stayed.
16  (Dkt. No. 1-1 at 14-17.)

17  On May 8, 2014, Petitioner filed the underlying habeas petition. He seeks a court order (1)
18  directing the government to permit Petitioner to submit an I-485 adjustment of status application,
19  (2) allowing Petitioner to update his pending I-212 application, and (3) directing the government
20  to make a decision on the updated I-212 application. Petitioner contends that under the current
21  caselaw, he is ineligible for an I-212 waiver because he did not remain outside the United States
22  for at least ten years following his deportation. *See* 8 U.S.C. § 1182(a)(9)(C)(ii); *Morales-*
23  *Izquirerdo v. Department of Homeland Security,* 600 F.3d 1076, 1087 (9th Cir. 2010) (stating that
24  under the current law of the Ninth Circuit "8 U.S.C. § 1182(a)(9)(C) bars aliens who have
25  reentered the United States without inspection after removal from receiving discretionary waivers
26  of inadmissibility before the ten-year bar has expired"). He insists that he must be given the
27  opportunity to demonstrate that he remained in the United States at the time he filed his I-212 in
28  reliance on the caselaw at the time. *See Perez-Gonzalez v. Ashcroft,* 379 F.3d 783 (9th Cir. 2004).

1  Because the Court had concerns regarding its jurisdiction to hear such a challenge, it issued an

2  Order to Show Cause.  (Dkt. No. 11.)  Petitioner and the government have both filed responses to

3  the Court's Order.[1]  (Dkt Nos. 12-14.)

## DISCUSSION

Federal district courts may grant a writ of habeas corpus if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Prior to enactment of REAL ID, petitions for writs of habeas corpus provided a legal avenue for individuals to seek relief from deportation.  However, in 2005 REAL ID amended the Immigration and Nationality Act ("INA") to clarify the scope of the jurisdiction stripping provisions of the INA. *See Singh v. Gonzales*, 499 F.3d 969, 975–78 (9th Cir. 2007) (describing history of jurisdiction to review removal orders and purpose of REAL ID Act). The INA contains a provision entitled "Exclusive means of review," which reads, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added). The language of the statute is clear.  Under REAL ID, a petition for review to the appropriate court of appeals is the "sole and exclusive means for judicial review" of a final order of removal, deportation, or exclusion, and district courts do not have statutory or nonstatutory habeas jurisdiction over such orders.  *See* 8 U.S.C. § 1252(a)(5); *see also Martinez–Rosas v. Gonzales*, 424 F.3d 926, 928–29 (9th Cir. 2005) (under REAL ID, a petition for review to the court of appeals "is now the exclusive means for challenging final removal orders

---

[1] The government contends that Eric Holder and Robin Barett are improperly named as Defendants because they do not have "custody" over Petitioner since he is not detained.  This argument is unavailing. "Individuals are in custody for purposes of § 2241 if they are subject to a final order of deportation." *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013) (internal citation and quotation marks omitted).  Although there is some uncertainty in the Ninth Circuit regarding who the proper respondent is in a section 2241 petition, *see Pham Huu Duc v. United States*, No. 14-1273, 2014 WL 4273252, at *n.1 (C.D. Cal. Aug. 28, 2014), given the outcome of this case the Court finds it unnecessary to reach this issue.

1    by the BIA, except those issued pursuant to 8 U.S.C. § 1225(b)(1)"). A reinstated removal order

2    "qualifies as an order of removal that can only be challenged in a petition for review filed directly

3    with our court." *Morales–Izquierdo v. Dept. of Homeland Sec.*, 600 F.3d 1076, 1085 (9th Cir.

4    2010).

5          In addition, Section 1252(b)(9) contains a "zipper clause" that consolidates all "questions

6    of law and fact . . . arising from any action taken or proceeding brought to remove an alien" into a

7    petition for review. Through the zipper clause "Congress made clear that review of a final

8    removal order is the only mechanism for reviewing any issue raised in a removal proceeding."

9    H.R.Rep. No. 109–72, at 173, 2005 U.S.C.C.A.N. 240, 298. "These modifications effectively

10   limit all aliens to one bite of the apple with regard to challenging an order of removal." *Singh v.*

11   *Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) (internal quotation marks and citation omitted).

12         These provisions do not prohibit "the ability of a court to review claims that are

13   independent of challenges to removal orders." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir.

14   2012) (internal citation and quotation marks omitted); *see also Singh v. Holder*, 638 F.3d 1196,

15   1211 (9th Cir. 2011) ("Congress has clarified . . . that the REAL ID Act was not intended to

16   "preclude habeas review over challenges to detention that are independent of challenges to

17   removal orders.") (citing H.R. Rep. No. 109–72, at 175). However, 8 U.S.C. § 1252(a)(5)

18   prohibits "claims that indirectly challenge a removal order." *Martinez*, 704 F.3d at 622. "When a

19   claim by an alien, however it is framed, challenges the procedure and substance of an agency

20   determination that is inextricably linked to the order of removal, [a district court's review of the

21   claim ] is prohibited by section 1252(a)(5)." *Id.* at 623 (internal citation and quotation marks

22   omitted). The "distinction between an independent claim and indirect challenge will turn on the

23   substance of the relief that a plaintiff is seeking." *Id*. (internal citations and quotation marks

24   omitted). The determination of whether a case raises independent claims or indirectly challenges a

25   final removal order requires "a case-by-case inquiry turning on a practical analysis." *Singh*, 638

26   F.3d at 1211.

27         Petitioner filed the underlying petition for habeas corpus following reinstatement of his

28   1978 removal order. He nonetheless contends that he does not seek review of the actual reinstated

1 removal order; instead, he seeks to raise legal issues concerning his unadjudicated 1999 I-212
2 application. Thus, the question before the Court is whether Petitioner's challenge here is
3 inextricably linked to his 1978 order of deportation; that is, whether he seeks to indirectly
4 challenge his removal order. *Martinez*, 704 F.3d at 622. The Court concludes that he does.

**A. Petitioner's Claim is Inextricably Linked to the Removal Order**

Petitioner is indirectly challenging the order of his removal. He is ultimately seeking approval of his I-212 waiver application and an adjustment of status. Where, as here, the alien is subject to a reinstated order of removal, an "adjustment-of-status challenge is inextricably linked to the reinstatement of [the alien's] removal order." *Morales-Izquierdo,* 600 F.3d at 1082. "Until the Reinstatement Order is vacated, [the alien] is not eligible for any relief, including adjustment of status." *Id.* (citing 8 U.S.C. § 1231(a)(5). If the alien obtains "a nun pro tunc Form I-212 waiver of inadmissibility and adjustment of status to that of [a lawful permanent resident]—the Reinstatement Order would be rendered invalid." *Id.* at 1082-83. Therefore, Petitioner's challenge to the I-212 application "is properly construed as a challenge to an 'order of removal'" and thus this Court lacks jurisdiction. *Id.* at 1083.

That Petitioner merely seeks an order directing the government to adjudicate his I-212 application rather than an order directing the government to approve the application is of no moment. In *Delgado v. Quarantillo*, 643 F.3d 52 (2nd Cir. 2011) (per curiam), the plaintiff filed a mandamus petition in district court seeking to force the government to adjudicate his pending I-212 application. *Id.* at 55. The court held that under section 1252(a)(5) the district court lacked jurisdiction to consider a mandamus petition because it indirectly sought to challenge the reinstated order of removal. The court rejected the petitioner's argument that she was not challenging her removal because the government's granting of her I-212 application "would not 'per se prevent her removal.'" *Id.* at 55. The court reasoned: "[o]btaining such a waiver is a necessary prerequisite to her ultimate goal of adjustment of status," which would invalidate the order of removal. *Id.*; *see also Martinez,* 704 F.3d at 622 (citing *Delgado* with approval).

In *Martinez*, the Ninth Circuit adopted *Delgado's* holding regarding section 1252(a)(5)'s prohibition on APA claims which indirectly challenge a removal order. *See Martinez*, 704 F.3d at

1    622.  Thus, just as in *Morales-Izquierdo*, Petitioner's "challenge to the adjudication of his [I-212]
2    application is appropriately characterized as a challenge to an order of removal. [Petitioner] has
3    been ordered removed from the United States, and [his] I-212 challenge is inextricably linked to
4    the reinstatement of his [1978] removal order." *Morales-Izquierdo*, 600 F.3d at 1082.  Section
5    1252(a)(5) thus deprives this Court of jurisdiction of the habeas petition.

6        Petitioner's reliance on *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) and *Singh v.
7    Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007) is unavailing.  These cases hold that under certain
8    limited circumstances habeas jurisdiction remains in district court.  For example, a district court
9    has jurisdiction to decide an individual's challenge to his "immigration detention in a habeas
10   petition without unduly implicating the order of removal" where the petitioner was being detained
11   pending the resolution of a petition for review of a final order of removal.  *Singh*, 638 F.3d at
12   1211.  Likewise, an ineffective assistance of counsel claim based on an attorney's failure to file a
13   timely petition for review of a final removal order is properly brought as a habeas petition as the
14   "only remedy would be the restarting of the thirty-day period of the filing of a petition for review."
15   *Singh*, 499 F.3d at 979.  In those cases, unlike here, the petitioners' claims could be considered
16   and the relief sought could be granted without implicating the order of removal.

17       The rub here is that the rationale underlying many of the jurisdictional decisions—that
18   allowing "a habeas corpus petition would be contrary to a central purpose of the REAL ID Act
19   [which] …. sought to limit all aliens to one bite of the apple with regard to challenging an order of
20   removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of
21   orders of removal, divided between the district courts (habeas corpus) and the courts of appeals
22   (petitions for review)"—does not apply as Petitioner failed to timely file a petition for review of
23   the reinstated removal order.  *Id*. at 1083 (internal citation and quotation mark omitted).  And the
24   30-day filing deadline for filing a petition for review is mandatory and jurisdictional.  *Ortiz-Alfaro
25   v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012).  Nonetheless, Petitioner has not argued—and the
26   Court is unaware of any authority that would suggest—that the Court has jurisdiction because
27   Petitioner failed to timely exercise his right to obtain review before the proper court.  While
28   unfortunate, it does not provide a basis to ignore the jurisdiction stripping provisions of sections

6

1252(a)(5) and (a)(9). Further, as the habeas petition would not be timely even if construed as a petition for review, transfer of the habeas petition is inappropriate. *Puri v. Gonzales*, 464 F.3d 1038, 1042-43 (9th Cir. 2006) (stating that "[a]n immigration case is 'transferable' when the following three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice.").

### B. *Duran Gonzales* Does Not Provide a Basis for Jurisdiction

Petitioner attempts to circumvent the jurisdictional bar by arguing that the Ninth Circuit's decision in *Duran Gonzales v. DHS (Duran Gonzales III)*, 712 F.3d 1271 (9th Cir. 2013) supersedes *Morales-Izquierdo*. The Court disagrees.

In *Duran Gonzales III*, the Ninth Circuit issued its third decision regarding I-212 waivers sought by a putative class of undocumented immigrants. The *Duran Gonzales* plaintiffs had all applied from within with United States for adjustment of status and an I–212 waiver of their inadmissibility due to their previous removal and unlawful reentry. *Id*. at 1272. They sought to challenge the statutory requirement that ten years elapse between an individual's last departure from the United States and his or her waiver application in light of *Perez–Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004). As explained, supra, *Perez-Gonzalez* held that an undocumented immigrant could apply for an I-212 waiver from within the United States even if he or she had not complied with the statutory ten-year bar. *Duran Gonzales* has a complicated procedural history in large part due to an intervening contrary decision from the Board of Immigration Appeals ("BIA") (*see In re Torres–Garcia*, 23 I. & N. Dec. 866 (BIA 2006)), and an en banc decision from the Ninth Circuit regarding the proper test for retroactivity (*see Garfias–Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012)).

In short, the Ninth Circuit originally held that it had to defer to the BIA's decision in *In re Torres–Garcia*, which was contrary to *Perez–Gonzalez* and rendered the *Duran Gonzales* plaintiffs ineligible to adjust their status and receive I-212 waivers. *Duran Gonzales v. DHS* (*Duran Gonzales I* ), 508 F.3d 1227, 1242 (9th Cir. 2007). In *Duran Gonzales v. DHS* (*Duran Gonzales II*), 659 F.3d 930, 939–41 (9th Cir. 2011), the Ninth Circuit held that *Duran Gonzalez I*

1   would have full retroactive effect notwithstanding the plaintiffs' reliance on preexisting Ninth
2   Circuit precedent.  However, the mandate in *Duran Gonzales II* was stayed pending resolution of
3   en banc proceedings in another Ninth Circuit case, *Garfias–Rodriguez v. Holder*, 702 F.3d 504
4   (9th Cir. 2012) (en banc), addressing the test for retroactivity.  Finally, in *Duran Gonzales III*, the
5   Ninth Circuit applied a different test for retroactivity consistent with the *Garfias-Rodriguez* en
6   banc decision .

7   Petitioner contends that *Duran Gonzales III* supersedes *Morales-Izquierdo* and means that
8   habeas jurisdiction over reinstated removal orders remains in the district court.  The Court is
9   unpersuaded.  *Duran Gonzales* did not address reinstated removal orders; there is no discussion of
10  section § 1252(a)(5) and whether it deprived the district court of jurisdiction because the plaintiffs,
11  unlike Petitioner, were not subject to reinstated removal orders.  *See, e.g., Duran Gonzales I*, 508
12  F.3d at 1233-34 (discussing the effect the district court's injunction had on the government's
13  ability to *initiate* reinstatement proceedings).  Thus, the claims were not indirectly attacking an
14  order of removal as is the petition here.  Moreover, the question before the Ninth Circuit was
15  whether its decision in *Duran Gonzales I* should be applied retroactively in light of a new en banc
16  decision regarding retroactivity.  *Id*. at 1276-77.  In sum, nothing in *Duran Gonzales III* controls
17  whether this Court has habeas jurisdiction here.[2]

18  Accordingly, the Court concludes that Petitioner's challenge to the government's failure to
19  adjudicate his pending I-212 application is "inextricably linked to the reinstatement of his [1978]
20  removal order" and is an impermissible challenge to that removal order.  *Morales–Izquierdo*, 600
21  F.3d at 1082.  Therefore, the Court lacks jurisdiction over Petitioner's habeas petition.

22  //
23  //
24  //

---

[2] Petitioner is not a class member in *Duran Gonzales* and thus not a beneficiary of the settlement agreement approved by the district court on July 22, 2014.  The settlement only involves remedies for class members who submitted adjustment of status and I-212 waiver applications on or after August 13, 2004 and on or before November 30, 2007.  *See Gonzalez et al. v. US Department of Homeland Security et al.*, No. 06-1411-MJP, Dkt. No. 104 (W.D. Wash. July 21, 2014).

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, the Court lacks jurisdiction to decide Petitioner's challenges to his unadjudicated 1999 I-212. The petition is DISMISSED.

**IT IS SO ORDERED.**

Dated: September 17, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge